IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 14, 2012 Session

## ESTATE OF THOMAS R. RALSTON v. ESTATE OF FRED R. HOBBS

**Appeal from the Chancery Court for Rutherford County**
**No. 060310-CV      David M. Bragg, Chancellor**

---

**No. M2011-01037-COA-R3-CV - Filed April 18, 2012**

---

The defendant appeals from an Order of Sale of real property, which was sold pursuant to Tennessee Rule of Civil Procedure 69.07 to satisfy a money judgment against the defendant. We have concluded that the defendant waived many of the issues raised and, as for its issue challenging the sufficiency of the notice of the sale, the sale may not be set aside on this ground because Rule 69.07(4) expressly provides that bona fide purchasers for value at the sale shall take free of any defects concerning notice. The purchaser here is a bona fide purchaser for value; thus, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

William Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Estate of Fred R. Hobbs.

John H. Baker III, Murfreesboro, Tennessee, for the appellee, Estate of Thomas R. Ralston.

### OPINION

This is the second appeal resulting from an extremely contentious family dispute arising from the misuse of a power of attorney to fraudulently convert real property and bank accounts. In the first appeal, we held that the defendant, Fred Hobbs, a nephew of Thomas R. Ralston and his attorney-in-fact, was liable to the estate of his deceased uncle for breaching his fiduciary duties and remanded the case to the trial court to, *inter alia*,

determine damages.[1] *See Thomas R. Ralston v. Fred R. Hobbs*, 306 S.W.3d 213 (Tenn. Ct. App. 2009). On remand, the trial court determined that Fred Hobbs had fraudulently converted $477,847.50 of his uncle's assets and entered a judgment against Fred Hobbs in that amount.

During the trial court proceedings following the entry of the judgment for damages, both Thomas R. Ralston and Fred Hobbs died. Fred Hobbs's wife, Sherry Hobbs, was named Executrix of Hobbs's estate and she was substituted as a party in this action. A petition to probate the will of Thomas Ralston was filed in the Williamson County Chancery Court, the will was admitted, and a nephew, Joseph Edwin Ralston, was appointed Executor of Thomas Ralston's estate. Joseph Ralston was then substituted for his uncle as a party in this action.[2]

A will contest was subsequently filed in the Williamson County Chancery Court to challenge the will naming Joseph Ralston as Executor of Thomas Ralston's estate. In that case it is asserted that a previous will of Thomas Ralston, which named his sister, Myrtle Ralston Hobbs as Executrix of his estate, is the true Last Will and Testament of Mr. Ralston, not the will that named Joseph Ralston as Executor.[3] The judge in the probate case stayed the will contest proceedings and authorized Joseph Ralston to continue to serve as Executor of Thomas Ralston's estate, pending further orders of the court.

On August 27, 2010, the Estate of Thomas Ralston filed a motion to sell the real estate interests of Fred Hobbs pursuant to Tennessee Rule of Civil Procedure 69.07 in order to satisfy the judgment. The motion sought the appointment of the Rutherford County Clerk and Master to conduct the sale of the real estate interests. The Estate of Fred Hobbs filed an objection to the sale. On November 23, 2010, the trial court entered an initial order of sale.

---

[1]The decedent, Thomas Ralston, was one of five children, all of whom grew up on the family farm near Eagleville, Tennessee. One of his brothers, David Ralston, and their only sister, Myrtle Ralston Hobbs inherited most of the real estate from their parents and siblings. Following the death of their father in 1966, David Ralston and one of the brothers, Andrew Ralston, operated the family farm as equal partners, and they employed their sister, Myrtle Hobbs, and the decedent, their brother, Thomas Ralston, who also lived on the family farm, to help work the farm. A fifth sibling, John Ralston, left the family farm at an early age. The defendant, Fred Hobbs, the son of Myrtle Ralston Hobbs, lived with his mother on the family farm from the time he was two years old until he married in 1971. For a detailed summary of the family history, see *Thomas R. Ralston v. Fred R. Hobbs*, 306 S.W.3d 213 (Tenn. Ct. App. 2009).

[2]Fred Hobbs died on June 24, 2010. Thomas Ralston died on November 25, 2010. Sherry Hobbs, as Executrix, was substituted for Fred Hobbs on September 27, 2010. Joseph Ralston, as Executor, was substituted for Thomas Ralston on January 24, 2011.

[3]Myrtle Ralston Hobbs has also died; her granddaughter, Amanda Hobbs Tanner, was substituted as the party as Executrix of her grandmother's estate.

Fred Hobbs's estate then filed a Motion to Stay the sale of the property contending that the will contest in Thomas Ralston's estate was grounds for a stay pending resolution of the issues in that estate. The trial court denied the motion.

A proposed Order of Sale was submitted by the Estate of Thomas Ralston on February 25, 2011. On March 2, 2011, the Estate of Fred Hobbs filed an objection to the Order of Sale arguing that the order purported to divest Fred Hobbs's widow, Sherry Hobbs, of her interest in her husband's estate and that Sherry Hobbs was not a party to the litigation. An Agreed Order, entered on April 6, 2011, added Sherry Hobbs in her individual capacity as a party. The agreed order also provided that any issue of the widow's claim for a year of support was a matter for the probate court to resolve; it was not an issue for determination by the trial court in this case. Thereafter, the trial court approved the Order of Sale.

The Estate of Fred Hobbs then filed a Motion for Clarification of the Property Status. The motion stated that the Order purportedly sold interests of real property at issue in the Williamson County will contest, which property was also at issue in a separate action, *Estate of David Ralston v. Fred Hobbs*, No. M2009–02442–COA–R3–CV, 2010 WL 4272692 (Tenn. Ct. App. Oct. 28, 2010). The trial court found that it did not need to clarify the interests of the property listed in the Order of Sale because the real property was properly described, that the trial court had the authority in the *Estate of David Ralston v. Hobbs* to set aside the specific interests improperly conveyed by Fred Hobbs without setting aside entire conveyances, and that it had no authority to alter, amend, modify, or vacate the trial court's ruling in the *Estate of David Ralston v. Hobbs* action.

Thereafter, the Estate of Fred Hobbs filed a motion for interlocutory appeal, which was denied. A new Order of Sale was entered on April 25, 2011. On May 9, 2011, the Estate of Fred Hobbs filed this appeal to challenge the Order of Sale.

The property was sold at auction on June 8, 2011. An order confirming the sale of the property to Headwaters of the Harpeth, LLC was entered on July 20, 2011.

**ANALYSIS**

Appellant, the Estate of Fred Hobbs, contends that the trial court erred in denying the motion to stay and in entering an Order of Sale for the real property. It contends that the sale of the real property should be set aside because the notice of the sale failed to comply with the statutory requirements regarding the advertisement and conduct of the sale because, it contends, the notice did not define the undivided interest of Fred Hobbs based upon the decision in *Estate of David Ralston v. Fred Hobbs*, 2010 WL 4272692.

Appellee, the Estate of Thomas Ralston, argues that the issues raised by Appellant have been waived or are moot because the court ordered sale has been concluded. We agree.

The issues presented hinge on the proper interpretation of Tennessee statutes and their application to the facts of this case. Issues involving the construction of statutes and their application to facts involve questions of law. *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.*, 87 S.W.3d 67, 74 (Tenn. 2002); *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002). Therefore, we will review the issues de novo and reach our own independent conclusions regarding them. *King*, 91 S.W.3d at 318.

Appellant argues that the statutes governing judicial sales apply and that the Order of Sale failed to comply with the notice requirements set forth in Tennessee Code Annotated § 35-5-101, *et seq.*, and therefore should be set aside. We disagree because the property was sold pursuant to Tenn. R. Civ. P. 69.07, not Tennessee Code Annotated § 35-5-101.

Appellee moved to sell the property pursuant to Tennessee Rule of Civil Procedure 69.07. Although Rule 69.07 and Tennessee Code Annotated § 35-5-101 are similar in many respects, they are also two entirely separate means by which to sell property by court order. For example, Tennessee Code Annotated § 35-5-101 requires the first publication to be made twenty days prior to the sale; Rule 69.07 requires publication at least thirty days prior to the sale.

Tennessee Rule of Civil Procedure 69.07 describes the procedure for the sale of realty as follows:

> The sheriff shall sell the debtor's interest in realty by auction. At least thirty days before the sale a notice *generally describing the realty* (including a street address if available) and stating the time, place, and terms shall be published in a newspaper of general circulation at the judgment creditor's expense, taxable as court costs. Publication shall be repeated two times, with each of the three publications being separated by at least one week. At least twenty days before the sale, the judgment creditor shall mail a copy of the published notice to the judgment debtor and to all persons having an interest of record in the realty.
> . . . .
>
> *Bona fide purchasers for value at the sale shall take free of any defects concerning notice*. The sale extinguishes all junior or subordinate liens.

Tenn. R. Civ. P. 69.07(4) (emphasis added).

-4-

The notice contained within the Order of Sale provided descriptions of the parcels to be sold, references to the deeds, and listed the street addresses where available. More importantly, the Rule specifically provides that bona fide purchasers for value shall *take free of any defects concerning notice*.[4] The sale of this property has been concluded and an order confirming the sale was entered on July 20, 2011.

We also note that Appellant made several objections prior to the sale regarding the initial exclusion of Sherry Hobbs as a party and the supposed "undefined" interests of Fred Hobbs; however, Appellant did not specifically raise the issue of "insufficiency of notice" until this appeal. Thus, the time to raise this exact issue has passed.

Lastly, Appellant contends that the trial court erred in denying its motion to "clarify" the interests of the real property. Appellant argues that this court's decision in *Estate of David Ralston v. Hobbs*, 2010 WL 4272692, which set aside conveyances made by Fred Hobbs while acting as power of attorney for David Ralston could be read to have set aside the entire conveyances thus resulting in a question as to the interests that were for sale at the auction. Appellant contends that a court may not partially rescind a conveyance and then cites to a plethora of cases on the rescission of contract provisions. First, we note that the vast majority of the case law provided by Appellant is inapplicable as it deals with the rescission of contracts and not conveyances of property. Second, we find that the trial court correctly determined that there was not a need to "clarify" the property interests. Lastly, we find that this issue has effectively been rendered moot by the sale of the property.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Sherry Hobbs, Executrix of the Estate of Fred Hobbs.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[4]Further, although we find Tennessee Code Annotated § 35-5-106 is not applicable to this sale, if it were applicable, it should be recognized that the statute provides, if "the officer, or other person making the sale, proceed[s] to sell without pursuing the provisions of the chapter, the sale shall not, on that account, be either void or voidable."